CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

AUG 07 2013

JULIA C. DUDLEY, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| BRAD CHRISTOPHER HULL, | ) | Criminal Case No. 6:06CR00013-1 |
| Petitioner | ) | |
| v. | ) | <u>2255 MEMORANDUM OPINION</u> |
| | ) | |
| UNITED STATES OF AMERICA. | ) | By: Norman K. Moon |
| Respondent. | ) | United States District Judge |

The defendant, Brad Christopher Hull, was charged, along with two co-defendants, in a one count indictment, with conspiring to distribute and to possess with the intent to distribute more than five kilograms of cocaine and a measurable quantity of a mixture or substance containing marijuana from late 2002 until on or about August 15, 2005, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Hull went to trial and was convicted of conspiracy to distribute five kilograms or more of cocaine. He was subsequently sentenced to 292 months imprisonment.[1] His sentence was affirmed on direct appeal. *United States v. Hull*, 369 Fed. Appx. 432 (4th Cir. Va. 2010).

Hull has now filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, in which he asserts 43 separate ineffective assistance of counsel claims against his trial and appellate counsel. I have reviewed Hulls' claims, the government's response, and the record in this case and I find that all of Hull's claims can be resolved based on the record, with the exception of claim eight. Hull argues in claim eight that his trial counsel provided ineffective assistance by erroneously advising him (1) to reject the government's plea offer since he would receive the same sentence whether he plead guilty or went to trial, and (2) that his prior conviction would not be used as a basis to double his mandatory minimum sentence. The

---

[1] Hull's sentence was subsequently reduced to 240 months pursuant to the Fair Sentencing Act, Amendment 750, §18:3582(c)(2).

government concedes in its response that further factual development at a hearing is necessary regarding this claim, including calling trial counsel to testify, as attorney-client privileged information is involved.

To succeed on a claim of ineffective assistance, Hull must show: (1) that "counsel's representation fell below an objective standard of reasonableness"; and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *See also Lafler v. Cooper,* 132 S.Ct. 1376 (2012) (holding that the Sixth Amendment right to counsel applies to the plea bargaining process and prejudice occurs when, absent deficient advice, the defendant would have accepted a plea that would have resulted in a less severe conviction, sentence, or both) (applying *Strickland,* 466 U.S. at 687.) When such claim is pursued under § 2255, the court must conduct a hearing on the claim, "[u]nless the motion and the files and records of the case conclusively show that the [defendant] is entitled to no relief." 28 U.S.C. § 2255(b). If a defendant presents a colorable Sixth Amendment claim and the resolution of the issue necessitates a credibility determination, "[a]n evidentiary hearing in open court is required." *United States v. Evans*, 429 F. App'x 213, 214 (4th Cir. 2011).

As further factual development is required, I am unable to find that the existing record conclusively establishes that Hull is not entitled to relief on claim eight. Hull has raised sufficient allegations that his defense counsel deprived him of the opportunity to make a reasonably informed decision regarding whether to accept the government's plea offer or proceed to trial. While the government states that Hull's allegation are "incredulous to believe", the government concedes that resolution of an ineffective assistance of counsel analysis under *Strickland* requires a credibility determination and, thus, an evidentiary hearing.

2

For these reasons, the government's motion to dismiss will be taken under advisement, and the case will be referred to the Honorable Robert S. Ballou, United States Magistrate Judge for the Western District of Virginia, for an evidentiary hearing on the defendant's claim that counsel rendered ineffective assistance by erroneously advising him (1) to reject the government's plea offer since he would receive the same sentence whether he plead guilty or went to trial, and (2) that his prior conviction would not be used as a basis to double his mandatory minimum sentence. The magistrate judge shall submit a report setting forth appropriate findings of fact, conclusions of law, and a recommended disposition of all of the defendant's claims, pursuant to 28 U.S.C. § 636(b)(1)(B).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the parties.

ENTER: This 7th day of August, 2013.

United States District Judge